IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS A. PAYNE,

      Plaintiff,

  v.                                CIVIL ACTION NO. 1:05CV165
                                      (Judge Keeley)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), the Court referred this Social Security action to United States Magistrate James E. Seibert with directions to submit proposed findings of fact and a recommendation for disposition. On January 4, 2007, Magistrate Judge Seibert filed his Report and Recommendation and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file any written objections with the Clerk of Court within ten (10) days after being served with a copy of the Report and Recommendation, and further directed the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this Court. On January 19, 2007, counsel for Thomas A. Payne filed objections to the report and recommendation.

**I.    PROCEDURAL BACKGROUND**

**PAYNE V. COMMISSIONER OF SOCIAL SECURITY**                      **1:05CV165**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

     On April 7, 2000, Thomas Payne ("Payne") filed an application for Disability Insurance Benefits ("DIB"), alleging disability since April 9, 1999, due to back and neck pain and emotional problems. The Commissioner denied the application initially and upon reconsideration. On September 26, 2001, the Administrative Law Judge ("ALJ") determined that Payne was not disabled as defined by the Act. On January 23, 2002, the Appeals Council denied Payne's request for review making the ALJ's determination the final decision of the Commissioner. On July 18, 2003, this Court entered an order remanding the case to the Commissioner for further proceedings pursuant to the Magistrate Judge's report and recommendation, and, specifically, for review and evaluation of the opinion of Dr. Simmons.

     On August 14, 2002, while the first application for benefits was pending on remand, Payne filed a second application for benefits, again alleging disability from April 9, 1999. The Commissioner denied the second application initially and on reconsideration. Payne requested a hearing and, on February 24, 2004, an ALJ conducted a hearing. The ALJ considered both applications and on May 17, 2004, denied both claims. Payne then requested that the Appeals Council review his claims. On October 29, 2005, the Appeals Council issued a partially favorable decision and found Payne disabled as of May 1, 2004. On

December 22, 2005, Payne filed this action seeking review of that decision.

On June 20, 2004, Payne filed a third application for benefits. This application resulted in an award of benefits.

## II. DISCUSSION

Payne objects to remand of this matter to the Commissioner for proper consideration and evaluation of Dr. Simmons' opinion as directed in the first remand order and argues that the Court should "reverse the Commissioner's decision that Payne was not disabled before May 1, 2004 and direct that benefits be paid". Payne requests that, if the Court chooses to adopt the Magistrate Judge's report and recommendation to remand the case for further proceedings, the Court "make clear that the final administrative decision under review in this matter is the Appeals Council's decision dated October 29, 2005," thereby limiting any remand to the issue of whether Payne was disabled prior to May 2004.

A.  Award of benefits:

Payne argues that:

> Given the weight of the evidence and the fact that this matter has been pending for almost seven years, the District Court should reverse the Commissioner's decision that Mr. Payne was not disabled before May 1, 2004 and direct that benefits be paid.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Payne relies on Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006), and contends that it demonstrates that an order for payment of benefits is appropriate in this case. He argues that, in Hines, the Fourth Circuit "properly directed that benefits be paid when the ALJ failed to include the claimant's symptoms from sickle cell disease in his questioning of the vocational expert". Payne also contends that, in Hines, the ALJ "relied upon expert testimony that lacked a factual foundation".

In Hines, the Fourth Circuit held:

> The district court properly reversed the ALJ's ruling and awarded disability benefits to Mr. Hines. The ALJ applied an improper legal standard to discredit the treating physician's opinion and refused to credit unrebutted testimony that plaintiff could not work an eight hour day. Finally, the ALJ relied upon expert testimony that lacked a factual foundation. Because the record establishes Hines' entitlement to benefits, we will award benefits without remand. See Crider v. Harris, 624 F.2d 15 (4th Cir. 1980).

Hines at 567.

In his June 5, 2003 Report and Recommendation in Civil Action 1:02CV39, Magistrate Judge Seibert determined that:

> In making the finding that Plaintiff could perform medium level work, the ALJ 'erroneously exercised an expertise he did not possess in the field of orthopedic medicine.' Wilson v. Heckler, 743 F.2d 218, 221 (4th Cir. 1984). As the Fourth Circuit found in Wilson, the undersigned is of the opinion 'the finding of the ALJ that plaintiff's functional

> capacity was any greater than that described by Dr. [Simmons] is without substantial evidence to support it.' See id. at 221.
>
> In addition, the ALJ failed to address Dr. Simmons' finding that Payne was limited in '[r]eaching in all directions (including overhead)'. This despite that fact that Payne testified that cervical pain around his neck and between his shoulder blades was the main reason he felt incapable of working, and despite the fact that the objective medical evidence showed Plaintiff had been treated extensively for cervical degenerative arthritis since a service-related accident in 1988.
>
> The undersigned therefore finds the ALJ's determination of Plaintiff's physical RFC is not supported by substantial evidence.

This Court in its July 18, 2003 Order adopted Magistrate Judge Seibert's June 5, 2003 Report and Recommendation in its entirety and remanded this matter to the Commissioner with the following direction:

> The plaintiff's claim is **REMANDED,** pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), to the Commissioner for further proceedings consistent with the report and recommendation

In this case, Magistrate Judge Seibert determined that the ALJ failed to follow the directives of the Court's order by again failing to consider Dr. Simmons' opinion regarding Payne's limitations in his ability to reach in all directions. Significantly, the Magistrate Judge noted that the ALJ indicated

that he had "adopted" Dr. Simmons' opinion that Payne should be limited to light work and "specifically considered the abnormal findings of the claimant's cervical spine."

The Magistrate Judge, however, noted that the ALJ failed to indicate whether he had explicitly considered Dr. Simmons' finding that Payne was limited in reaching in all directions (including overhead) or that he had adopted Dr. Simmons' entire opinion. Therefore, the Magistrate Judge determined that, pursuant to <u>Sullivan v. Hudson</u>, 490, U.S. 877, 886 (1989), this failure to follow remand instructions is legal error, but not reversible error, and required review of the contents of Dr. Simmons' opinion to determine if the ALJ should be reversed.

In his May 30, 2000 physical Residual Functional Capacity evaluation, Dr. L. Dale Simmons, M.D., indicated that Payne could occasionally lift 20 pounds, frequently lift 10 pounds, stand/walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday, could occasionally climb, balance, stoop, kneel, crouch, and crawl, but was limited in his ability to reach in all directions, including overhead, and must avoid concentrated exposure to extremes of temperature due to arthritis. Additionally, a handwritten note in the margin of the opinion indicated that Payne had "stiffness of neck which would limit cervical ROM".

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

At the February 24, 2004 hearing, the ALJ asked the Vocational Expert to describe work that

> . . . an individual approaching advance age of 54 precluded from performing -- with an equivalent of a high school education, precluded from performing all but light work with a sit/stand option, no hazards, no climbing, occasional posturals, no temperature extremes, that's unskilled and low stress defined as one- and two- step processes, routine and repetitive tasks. Primarily working with things rather than people, entry level. . . .

could perform. The VE listed laundry folder, hand packer, inspector checkers of small products, sorters and graders.

The ALJ then asked:

> There is a statement by Dr. Jackson in Exhibit 11F, the claimant's treating physician at VA, stating – it regards the issue of pushing and reaching. Do these jobs entail, let's see, he said the Claimant this could exacerbate – do they entail repetitive overhead reaching?

The VE responded that "these jobs are working at your waist level, your Honor. There's no overhead reaching for the most part. And certainly not repetitive."

Significantly, when Payne's attorney added a limitation regarding reaching in all directions to the ALJ's first hypothetical, the VE responded:

> Yes. These jobs all require fairly frequent reaching for small objects to inspect and where to fold and where to pack them. So, yes, that would, if he couldn't reach pretty much

> repetitively, in front of himself, he couldn't do these jobs.

Thus, by omitting explicit consideration of Payne's inability to reach in all directions, the ALJ failed to follow the directive to consider Dr. Simmons' opinion regarding Payne's limitations. The Commissioner contends, nevertheless, that there is substantial evidence in the record to support the ALJ's conclusion, and that it is possible that he correctly considered Dr. Simmons' opinion and properly excluded Dr. Simmons' limitations in the hypothetical.

In Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), the Fourth Circuit stated that the ALJ bears the ultimate responsibility for weighing the evidence and resolving any conflicts, and that, in reviewing for substantial evidence, the reviewing court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.

It was on this basis that the Magistrate Judge recommended that this matter be remanded with explicit instructions to consider the limitations contained in Dr. Simmons assessment regarding Payne's inability to reach in all directions and to weigh that opinion appropriately with all of the other evidence of record. The Court agrees.

B.    Post-Traumatic Stress Disorder

**PAYNE V. COMMISSIONER OF SOCIAL SECURITY**  1:05CV165

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Magistrate Judge also recommended remand for additional consideration of the severity of Payne's post-traumatic stress disorder ("PTSD"). The Magistrate Judge noted that medical sources found moderate limitations in his ability to work around other people.

Specifically, the medical evidence of record includes:

1. A March 24, 2004 psychological evaluation from Martin Levin, M.A., indicating a diagnosis of Axis I post-traumatic stress disorder and alcohol abuse, in early sustained remission, Axis II no condition present, and Axis III Degenerative arthritis of the cervical spine and upper thoracic spine, right arm pain, stiffness in neck, diabetes, high blood pressure, all reported by Payne. The Medical Source Statement of Ability to do Work-Related Activities (mental) indicated no limitations in ability to understand, remember and carry out short, simple instructions, no limitations in the ability to make judgments on simple work-related decisions, slight limitations in ability to understand, remember and carry out detailed instructions, moderate limitations in appropriate interaction with the public, supervisors and co-workers, appropriate response to work pressure in a usual work setting and appropriate response to changes in a routine work setting. A handwritten notation indicating "Claimant suffers from PTSD and tends to break down under pressure"; and

9

2. A May 26, 2000 review technique from Kuzniar indicated an anxiety related disorder, PTSD with no episodes of deterioration or decompensation in work or work-like settings, slight limitations in restriction of activities of daily living and concentration, persistence or pace, and moderate limitation in difficulties in maintaining social functioning, including ability to accept instructions and respond appropriately, ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.

Dr. Kuzniar also indicated in the functional capacity assessment that:

> The claimant presently carries a diagnosis and is being treated on an outpatient basis with medication for PTSD. He has trust issues along with anger control issues. He has had a positive response to medication with a concern about decrease in sexual function as a side effect. He continues his prescribed medication.
>
> He can understand, remember and carry out somewhat complex instructions. The PTSD symptoms interfere with social functioning to the point that his capacity to interact is limited to a less interpersonal demand work setting. His capacity to cope with job pressure would be compromised by his social interaction qualities. He can manage a low pressure job environment.

Here, the ALJ determined at step three of the sequential evaluation process that Payne's mental impairments posed moderate limitations in his ability to function socially. The ALJ then considered the effect of Payne's mental impairment on his RFC and limited him to "routine and repetitive work, working primarily with things rather than people".

20 C.F.R. § 404.1545 defines RFC as "the most you can still do despite your limitations" and provides that RFC will be assessed "based on all the relevant evidence in your case record." The RFC assessment will consider "your ability to meet the physical, mental, sensory, and other requirements of work as described in paragraphs (b), (c) . . . ."

20 C.F.R. § 404.1545 (b) and (c) provide:

> (b) *Physical abilities*. When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.
>
> (c) *Mental abilities*. When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a

> regular and continuing basis. A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work.

The Magistrate Judge determined that the ALJ gave insufficient consideration to the evidence of record regarding the effects of Payne's PTSD on his ability to work and recommended that the case be remanded for a more thorough consideration of the evidence. The Court agrees.

### III.

The Magistrate Judge noted Payne's argument that a grant of benefits is warranted in this case. In <u>Smith v. Chater</u>, 99 F.3d 635, 638 (4th Cir. 1996), however, the Fourth Circuit held that it is the duty of the ALJ, not the courts, to make factual findings and "resolve conflicts in the evidence". Payne, however, relies on <u>Sullivan v. Halter</u>, 135 F.Supp.3d 985, 988 (S.D. Iowa 2002), where the court held that:

> [t]he Commissioner's decision is not supported by substantial evidence on the record as a whole. The Court finds that <u>the evidence in this record is transparently one sided against the Commissioner's decision</u>. *See Bradley v. Bowen*, 660 F. Supp. 276, 279 (W.D. Ark. 1987). The medical and vocational evidence establish that Plaintiff does not have the residual functional capacity to work either at her past relevant work, or any other work in the

> national economy. A remand to take additional evidence would only delay the receipt of benefits to which Plaintiff is clearly entitled. Therefore, reversal with an award of benefits is the appropriate remedy. *Parsons v. Heckler*, 739 F.2d 1334, 1341 (8th Cir. 1984). (Emphasis added.)

Here, the Magistrate Judge determined that "the record is not so unambiguous." Accordingly, while the Court sympathizes with Payne's situation and his frustration, the law mandates that the case be remanded to the Commissioner for further proceedings to clarify the factual ambiguities in the record.

## IV. CONCLUSION

Upon examination of the plaintiff's objections, it appears to the Court that Payne has not raised any issues that were not thoroughly considered by Magistrate Judge Seibert in his report and recommendation. Moreover, the Court, upon an independent de novo consideration of all matters now before it, is of the opinion that the Report and Recommendation accurately reflects the law applicable to the facts and circumstances in this action. Therefore, it is

**ORDERED** that Magistrate Seibert's Report and Recommendation be, and it is, accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly,

**PAYNE V. COMMISSIONER OF SOCIAL SECURITY**                  **1:05CV165**

### ORDER ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

1. The plaintiff's motion for Summary Judgment (Docket No. 12) is **GRANTED-IN-PART**;

2. The defendant's motion for Summary Judgment (Docket No. 13) is **DENIED**;

3. The plaintiff's claim is **REMANDED** to the Commissioner for consideration of Dr. Simmons' opinion in accord with the first remand order entered in this case and also for consideration of the severity of Payne's post-traumatic stress disorder, pursuant to the recommendations contained in the Magistrate Judge's Report and Recommendation;

4, The Court specifically **ORDERS** that review on remand be limited to the issue of whether Payne was disabled prior to May 1, 2004, the date on which the Commissioner previously found him to be disabled on a subsequent application that is not before this Court; and

5. This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58. If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in Shalala v. Schaefer, 113 S.Ct. 2625

14

(1993), the time for such a petition expires ninety days thereafter.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED: March 20, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT COURT